GREAT LAKES BROADCASTING COMPANY, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

The Community Broadcasting Company, Intervenor.

No. 14638.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 5, 1960.

Decided Nov. 17, 1960.

Mr. Paul Dobin, Washington, D. C., with whom Mr. Stanley S. Neustadt, Washington, D. C., was on the brief, for appellant. Messrs. Leonard H. Marks and Stanley B. Cohen, Washington, D. C., also entered appearances for appellant.

Mr. Joel Rosenbloom, Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, and Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, were on the brief, for appellee, Mr. Richard A. Solomon, Asst. Gen.

Counsel, Federal Communications Commission at the time the record was filed, also entered an appearance for appellee.

Mr. Thomas N. Dowd, Washington, D. C., for intervenor. Messrs. Harold D. Cohen and William S. Green, Washington, D. C., also entered appearances for intervenor.

Before Mr. Justice BURTON, retired,\* and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

 This is an appeal from a decision of the Federal Communications Commission which, after a comparative hearing on mutually exclusive applications for a television station construction permit in Toledo, Ohio, granted the application of the Community Broadcasting Company and denied that of appellant, Great Lakes Broadcasting Company. Appellant contends that, although required, the Commission failed to make a detailed comparison of the applicants' specific program proposals. The Commission concedes that it made no such comparison, but it urges that none is necessary here. The Commission asserts that its function with respect to program proposals is to ascertain whether the applicants' over-all program balance and structure meet the needs of the service area and whether the applicants have made an effort to determine these needs, and that it is required to make a detailed comparison of individual programs only in cases where significant differences in entire fields of programming are made to appear.[1] We cannot say that this view of the Commission's role is unreasonable or otherwise precluded by the Act.[2]

---

\* Sitting by designation pursuant to Sec. 294 (a), Title 28, U.S.Code.

[1] Of course, if it should appear to the Commission that the program proposals of no applicant meet the needs of the service area and that, consequently, the award of a license would not be in the public interest, the Commission may not grant a license to any of the applicants. Clarksburg Pub. Co. v. Federal Communications Comm., 1955, 96 U.S.App. D.C. 211, 225 F.2d 511; Mansfield Jour-

nal Co. v. Federal Communications Comm., 1950, 86 U.S.App.D.C. 102, 180 F.2d 28. Cf. Michigan Consolidated Gas Co. v. Federal Power Comm., 108 U.S. App.D.C. 409, 283 F.2d 204; City of Pittsburgh v. Federal Power Comm., 1956, 99 U.S.App.D.C. 113, 123 note 28, 237 F.2d 741, 751 note 28.

[2] Communications Act of 1934, 48 Stat. 1064 (1934), as amended, 47 U.S.C. § 151 et seq. (1958), 47 U.S.C.A. § 151 et seq.

Here the Commission found, upon substantial evidence, that no significant differences existed between the applicants' program proposals. Hence we agree that further detailed comparison of program content was unnecessary.

Appellant's other contentions also provide no basis for disturbing the Commission's action.

Affirmed.